UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Atlantic Recording Corporation**, a Delaware corporation; **Elektra Entertainment Group, Inc.**, a Delaware corporation; **Capitol Records, Inc.**, a Delaware corporation; **UMG Recordings, Inc.**, a Delaware corporation; **Sony BMG Music Entertainment**, a Delaware general partnership; and **Arista Records, LLC**, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>**Catherine Njuguna**,<br><br>Defendant. | No. 4:06-CV-2341-CWH<br><br><br><br>Defendant's Response to Plaintiffs' Motion for Leave to Amend |

## INTRODUCTION

The Plaintiffs, faced with the possibility of the Defendant prevailing on her motion for judgment on the pleadings, have now moved to amend their complaint. This last-ditch effort is too little, too late.

## STATEMENT OF FACTS PERTINENT TO THIS MOTION

The Defendant's memorandum in opposition to the Plaintiffs' motion to dismiss her counterclaims (Document [29]) more fully describes her wrongful accusation, her bullying at the hands of the Plaintiffs' agents, and the initiation of this lawsuit. Nonetheless, five dates are of importance in analysis of the Plaintiffs' motion to amend:

1

- 30 November 2005. <u>Lava Records, *et al.* v. Does 1-213</u>, 05-cv-10075 (S.D.N.Y. 2005) is filed in the Southern District of New York. This case allegedly identifies the Defendant by her internet protocol ("IP") address and is the true genesis of the case at bar.[1] Upon information and belief, this case was dismissed on 5 June 2006.

- 22 August 2006. <u>Atlantic Recording Corporation, *et al.* v. Cathryn Njuguna</u>, the case at bar, is filed in the District of South Carolina.

- 8 May 2007. The Plaintiffs file a "Notice of Errata" (Document [15]), asking the Court to amend the complaint from <u>Atlantic Recording Corporation *et al.* v. Cathryn Njuguna</u> to <u>Atlantic Recording Corporation *et al.* v. Catherine Njuguna</u>.

- 15 October 2007. The date the Plaintiffs proposed, in their Rule 26(f) report, as the deadline to amend pleadings and add parties.

- 14 November 2007. The date of the Plaintiffs' motion to amend.

## ARGUMENT

The Plaintiffs have had ample time, notice, and opportunity to amend their complaint in the past two years. They have violated their own deadline for amendment. They have apparently acted with bad faith or dilatory motive. They have failed to take advantage of past opportunities to amend their complaint. As such, their motion to amend should be <u>denied</u>.

---

[1] Pursuant to a subpoena issued to a cable provider in <u>Lava Records, *et al.* v. Does 1-213</u>, the Defendant in the case at bar was matched to an IP address obtained by the Plaintiffs' investigator. The inadequacy of this process is touched upon in Part III, *infra*.

2

I.  Denying a FED R. CIV. P. 15(a) Motion

Leave to amend under Rule 15(a) is *not* granted automatically, Deasy v. Hill, 833 F.2d 38, 40 (4th Cir.1987), and the judicial discretion to allow amendment should not be invoked without considering the interests of all litigants. Gaylord Shops, Inc. v. South Hills Shoppers' City, Inc., 33 F.R.D. 303 (W.D.Pa 1963). Witt v. American Trucking Association, Inc., 860 F.Supp. 295, 305 (D.S.C. 1994), sets forth the appropriate circumstances when denial of a motion to amend is proper:

> ...the United States Supreme Court has established that amendments should be permitted in the absence of (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously alleged; (4) undue prejudice to the opposing party; or (5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Delay alone is not a sufficient reason to deny an amendment, but is an appropriate reason when accompanied by bad faith, futility or prejudice. Nat'l Bank of Washington v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988). Courts have denied amendments where a party has had sufficient opportunity to state a claim and has failed to do so. See *infra* [in Witt] p. 305-306.

While the Defendant believes that the plain language of Foman allows for denial of a case solely for "undue delay" or "untimeliness", accord First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987), the Defendant will show that in addition to undue delay, the Plaintiffs have also acted with bad faith or dilatory motive and to prejudice the Defendant, and thus are not entitled to amend their complaint.

II.  Plaintiffs' Undue Delay to Amend Bars their Relief

Despite years of notice of defects and multiple opportunities to amend their pleadings, the Plaintiffs chose to amend their pleadings a month after their own deadline to amend. Furthermore, the Plaintiffs have been on notice of the deficiencies in their pleadings since

2005, when other defendants subject to this campaign of litigation began to make motions to dismiss similar to the Defendant's. As such, they should not be allowed to amend their complaint.

### A. The Plaintiffs' Own Deadline to Amend Pleadings Passed Prior to Their Motion

The Plaintiffs filed their Rule 26(f) report and proposed scheduling order on 14 June 2007 (Document [23]). The Plaintiffs' proposed scheduling order sets the final date to amend pleadings and add parties as 15 October 2007. By filing their motion to amend on 14 November 2007, the Plaintiffs have missed their own deadline by an entire month, even though it is Plaintiffs' counsel's standard practice, in the absence of a controlling scheduling order, to abide by the dates proposed in their Rule 26(f) report. The Defendant asks this Court to hold the Plaintiffs to their own professed rules and deny their motion to amend.

### B. Plaintiffs Have Been Aware Of The Deficiencies In Their Complaint For Over Two Years, and Yet Have Failed To Remedy Said Deficiencies.

The Plaintiffs use a complaint with boilerplate language that has, for the past two years, been under constant attack in courts across the country. Plaintiffs were made aware, in multiple actions, of deficiencies in their boilerplate language well before they filed their complaint in the instant case. They have been afforded ample opportunity to amend their form pleadings to circumvent a similar challenge by this Defendant, but have not. Thus, their motion is untimely and should be denied.

Federal Courts will deny a motion to amend when the Plaintiff takes an inordinately long amount of time to amend his complaint. See e.g. Witt, *supra* ("Courts have denied amendments where a party has had sufficient opportunity to state a claim and has failed to do

4

so."). In Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139 (4th Cir. 1988), the Fourth Circuit affirmed the district court's denial of a motion to amend when the motion was made 18 months after the last event giving rise to the case, more than 8 months after the filing of the initial complaint, five months from a previous motion to amend, and sought to add material that the movant was aware of, or should have been aware of, from the outset of litigation. See also Scoggins v. Moore, 579 F.Supp. 1320 (N.D.Ga. 1984) (denied because motion made over one year after complaint and amendment was futile).

Plaintiffs have engaged in a nationwide coordinated campaign of copyright infringement litigation and settlement collection since 2003. Not only have the Plaintiffs used virtually the same form complaints since the beginning of the campaign, the sufficiency of said complaints has been questioned *repeatedly* in courts across the country:

- 2005. Motion to dismiss in Elektra Entertainment, *et al*. v. Santangelo, 05-cv-2414 (S.D.N.Y. 2005).

- 2006. Motions to dismiss in Maverick, *et al*. v. Goldshteyn, 05-cv-4523 (E.D.N.Y 2005); Interscope Records, *et al*. v. Duty, 05-cv-3744 (D.Ariz 2005); Warner Bros, *et al*. v. Payne, 06-cv-051 (W.D.Tex 2006); Atlantic, *et al*. v. Anderson, 05-cv-933 (D.Or. 2005); Elektra Entertainment, *et al*. v. Barker, 05-cv-7340 (S.D.N.Y. 2005); Arista Records, LLC v. Gruebel, 05-cv-531 (N.D.Tex 2005); Fonavisa, Inc. *et al*. v. Alvarez, 06-cv-011 (E.D.Tex 2006).

- 2007. Motions to dismiss in Elektra Entertainment, *et al*. v. Dennis, 07-cv-39 (S.D.Miss 2007); Elektra Entertainment, *et al*. v. Schwartz, 05-cv-3533 (E.D.N.Y. 2005); Arista Records, LLC v. Does 1-27, 07-cv-162 (D.Me 2007).

5

- 17 August 2007. Senior Judge Rudi Brewster, in <u>Interscope, *et al*. v. Rodriguez</u>, 05-cv-2485, 2007 WL 2408484 (S.D.Ca. 2005), denies plaintiffs' motion for default judgment, and vacates entry of default, on the grounds the plaintiffs' complaint does not state a cause of action. (*also available as* Document [36-5] in this litigation)

- 23 October 2007. Judge David Larimer, in <u>Atlantic *et al*. v. Dangler</u>, 07-cv-6139 (W.D.N.Y. 2007), denies plaintiffs' motion for default judgment on the grounds the complaint is not specific enough in its allegations.

Admittedly, not all the motions described above resulted in a finding that the Plaintiff's pleadings were inadequate, but the Plaintiffs have nonetheless been on notice since 2005 that numerous persons believed their complaints were not pled with sufficient particularity. Regardless of whether the Plaintiffs believed the criticism of their complaints had merit, a simple adjustment to the language of their pleadings would have likely ended this parade of dismissal motions. Furthermore, none of the above motions were made in the Fourth Circuit, where the elevated pleading standard described in <u>Paragon Services, Inc. v. Hicks</u>, 843 F.Supp. 1077 (E.D.Va. 1994), applies (see Defendant's Memorandum in Support of her Motion for Judgment on the Pleadings at Pt. II – Document [36-2]).[2] Plaintiffs have had ample time and notice to re-tool their boilerplate used in their litigation campaign. As such, they are not entitled to amend their complaint.

---

[2] Plaintiffs may argue they are entitled to amendment because of the U.S. Supreme Court's decision in <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955 (2007) was relatively recent. However, <u>Paragon</u>, which sets forth the heightened pleading requirements, was decided in *1994*.

### III. The Plaintiffs' Apparent Bad Faith and Dilatory Motive Bar their Motion

The Plaintiffs are seeking to replace their complaint they filed in 2006 with another complaint they could have filed in 2006. Furthermore, the Plaintiffs seek to file a complaint that is unsupported by the current evidence, and is furthermore intended to avoid a ruling for the Defendant in her motion for judgment on the pleadings. Combined with the undue delay in amendment of their complaint, this behavior demands denial of their motion to amend.

#### A. The Facts Contained in the Amended Complaint were Known or Should Have Been Known by the Plaintiffs from the Beginning of Litigation

The Plaintiffs have been in possession of the same facts allegedly inculpating this Defendant since 2005, yet neither in the Lava Records precursor case, nor in the initial filing of this case in 2006, nor in their first amendment of this case (through a Notice of Errata) in 2007 did they bother to plead a cognizable claim of copyright infringement. As such, their motion should be denied.

Federal Courts will deny leave to amend when the facts included in the amendment were known or should have been known to the movant before the initial complaint was filed. E.g. Witt, *supra*; Sandcrest Outpatient Servs., *supra*; see also Gaylord Shops, *supra*; Ferrell v. Busbee, 91 F.R.D. 225 (N.D.Ga. 1981); R. J. Reynolds Tobacco Co. v. Southern Ry. Co., 110 F.R.D. 95 (M.D.N.C 1986); Reissner v. General Motors Corp., 511 F.Supp. 1167 (S.D.N.Y 1981). In Ross v. Jolly, 151 F.R.D. 562, 565 (E.D. Pa. 1993), the Eastern District of Pennsylvania denied a motion to amend where the movant waited eight months after his first motion to amend and could offer no explanation as to why he could not have discovered the subject matter of the amendment earlier.

Furthermore, grounds of "inadvertence and mistake" are insufficient to justify amendment when the movant had knowledge of the facts upon which the amendment was based at the time of the initial complaint. Ferrell, *supra*; see also King & King Enterprises v. Champlin Petroleum Co., 446 F.Supp. 906, 914 (E.D.Okla. 1978) (In the absence of oversight or excusable neglect, courts have denied leave to amend when the moving party knew about the facts on which the proposed amendment was based, but omitted the necessary allegations from the original pleading.).

Judging by Exhibits A and B to the proposed Amended Complaint (which are virtually identical to the equivalent exhibits in the initial complaint), the Plaintiffs are apparently in possession of the *exact same evidence* they had in 2005 they argue inculpates this Defendant, and the *exact same evidence* they had in 2006 when they filed the initial complaint. The Plaintiffs offer no explanation as to why they did not plead their action for copyright infringement correctly in their initial complaint.

Not only are the Plaintiffs only in possession with the same initial evidence they had in 2005, they have been in possession, since June 28, 2007, of evidence that that *exculpates* the Defendant – copies of receipts that show she was in another city at the time of the alleged infringement. The Plaintiffs have yet to controvert this evidence. As such, *the Plaintiffs have even less proof this Defendant performed the acts they allege than they had in 2005*, and their motion to amend should be denied.

B.    They Plaintiffs Claim they Identified an Individual in their Amended Complaint when their Expert has Testified that They Cannot Identify an Individual

Plaintiffs' Amended Complaint argues they have "identified an individual" that has engaged in file-sharing activity. (Proposed Amended Complaint ¶ 16). It is impossible to identify an individual that is engaging in file-sharing activity, as the Plaintiffs' presumed expert, Dr. Doug Jacobson,[3] has testified:

```
5      Q.    Are you aware of any evidence of
6   anything that would point to [Defendant] personally
7   having done something as opposed to any other
8   person?
9           MR. GABRIEL:  Objection to the
10      form.  Lack of foundation.
11      A.    I have examined evidence that shows
12   that the computer registered to the IP address
13   belonging to [Defendant] was used to share
14   copyrighted material.
15      Q.    But other than that, other than the
16   fact that the computer was used, as you say, is
17   there any evidence to show what natural person, what
18   individual was the one who actually did it?
19      A.    No.
```

23 February 2007 Deposition of Dr. Douglas W. Jacobson, p. 31[4]

```
24   ...The IP address
25   alone would not tell you that, would it?
1    ...
2      A.    Would not tell you what?
3      Q.    What individual was sharing files.
4      A.    By "individual" do you mean
5   flesh-and-blood person?
```

---

[3] Dr. Jacobson has not yet been named as expert in this action, but due to his retention in the Plaintiffs' other outstanding lawsuits Defendant is confident he will eventually be named.

[4] From UMG Recordings *et al.* v. Lindor, 05-cv-1095 (E.D.N.Y. 2005) *available at* http://www.ilrweb.com/viewILRPDF.asp?filename=umg_lindor_070223JacobsonDepositionTranscript (last accessed 17 December 2007)

```
 6      Q.   Yes.
 7      A.   The IP address tells you the identity
 8   of the computer.
 9      Q.   It actually doesn't tell you the
10   identity of the computer.  It tells you the identity
11   of the device.
12      A.   That's correct.
```

Id. at pp. 59-60

```
 7      A.   The IP address delivers to a device
 8   or location.
 9      Q.   But not a person?
10      A.   That's correct.
```

Id. at p. 78

Despite this testimony, the Plaintiffs claim they have identified an "individual" that has allegedly engaged in infringing activity. At best, they have identified an internet location where infringing activity has taken place; an analogous situation to identifying a defendant through use of his or her street address. As such, they do not have a sufficient factual basis on which to base their complaint and their motion to amend should be denied.

### C.     Forestalling a Favorable Ruling for the Defendant is not a Legitimate Ground for Amendment

When the motivation for filing a new complaint is to attempt to forestall a ruling against the movant, a court is justified in denying a motion to amend. Cf. Sandcrest Outpatient Servs., *supra* (court believed the motion was made only out of concern the movant would lose a summary judgment motion); Witt, *supra* (summary judgment); Reissner v. General Motors Corp., 511 F.Supp. 1167 (S.D.N.Y. 1981) (motion for summary judgment) *affirmed* 671 F.2d 91 (2nd Cir. 1982) *cert. denied* 459 U.S. 858; Glesenkamp v. Nationwide Mut. Ins. Co., 71 F.R.D. 1 (N.D.Cal 1974) *judgment affirmed* 540 F.2d 458 (9th Cir. 1976)

(motion for summary judgment). The timing of Plaintiffs' motion, which was made *after* the Defendant moved for judgment on the Plaintiffs' pleadings, evinces that the Plaintiffs are moving to amend their complaint to avoid the Defendant's meritorious arguments.

III. The Plaintiffs Failed to Use Their Previous Amendment of Their Complaint to Address any Deficiencies

On 22 August 2006, the Plaintiffs filed their initial complaint against a "Cathryn Njuguna". Defendant does not, and never has, used the spelling of "Cathryn". On 8 May 2007, the Plaintiffs, through a Notice of Errata (document [15]), amended their initial Complaint to designate "Catherine Njuguna" as Defendant. Repeated failure to cure deficiencies with previous amendments is a ground for denial of a motion to amend. Witt at 305 (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). The Plaintiffs effectively amended their complaint almost a year after their initial complaint. As the Plaintiffs were aware of the issues with their complaint at the time of this amendment (See Part II, *supra*), they should have taken advantage of this opportunity to correct their pleadings. As they did not, their motion should be denied.

IV. Allowing Amendment of the Plaintiff's Complaint Will Prejudice the Defendant

"At bottom, an undue prejudice inquiry asks if the party opposing the motion to amend 'would have done anything differently' had the claim been presented in earlier pleadings." Davis v. Therm-o-disc, Inc., 791 F.Supp. 693 (N.D. Ohio 1992). Had the Plaintiffs pled their cause of action as they had in their proposed Amended Complaint, the Defendant would have spared herself the time and expense of filing a Rule 12(c) motion, and

proceeded directly to a Rule 56 motion for summary judgment.[5]  The Defendant should not be penalized for her justified reliance, and the Plaintiffs' Motion should be dismissed.

## CONCLUSION

The Plaintiffs have been afforded multiple opportunities to amend their pleadings in the last two years, and did not take advantage of said opportunities until the Defendant moved for a judgment on their pleadings.  Furthermore, the Plaintiffs are not making any allegation they could not have made in their initial Complaint, and the current state of the evidence does not support the proposed Amended Complaint.  As such, they are not entitled to amend their Complaint and their motion should be denied.

        s/ Jason Scott Luck
John P. Seibels, Jr. (Fed. Id 5998)
jseibels@seibelsfirm.com
Jason Scott Luck (Fed. Id 9696)
jluck@seibelsfirm.com
SEIBELS LAW FIRM, P.A.
165-A King Street
Charleston, SC 29401
843.722.6777 (phone)
843.722.6781 (telefax)

Attorneys for Defendant

Charleston, South Carolina
December 21, 2007

---

[5] This was the Defendant's original intention (see Defendant's Rule 26(f) Report – Document [31]).  If this court grants the Plaintiffs' Motion to Amend, a motion for summary judgment will be forthcoming.

**CERTIFICATE OF SERVICE**

This is to certify that on the date above, a true and correct copy of the above and foregoing is being electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. David Black, Esquire
William Y Klett, III, Esquire
Nexsen Pruet Adams & Kleemeier, LLC
P. O. Drawer 2426
Columbia, SC  29202
*Attorneys for Plaintiffs*

The following counsel was served via electronic mail:

Eve Burton, Esquire
Holme Roberts & Owen, LLP
1700 Lincoln Street, Suite 1400
Denver, CO 80203
Rachel.Eichenbaum@hro.com
*Attorneys for Plaintiffs*